R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lisa Corson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA CORSON,<br><br>              Plaintiff,<br><br>      v.<br><br>POWER MOVES, INC. and<br>SHAWN PEREZ,<br><br>              Defendants. | **Case No.: 1:19-cv-08847** |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Lisa Corson ("Plaintiff"), by her undersigned attorneys, Rath, Young and Pignatelli, P.C., for her first amended complaint against the defendant Power Moves, Inc. ("Corporate Defendant") and Shawn Perez (the "Individual Defendant" and together Corporate Defendant, collectively, "Defendants") alleges as follows:

**SUBSTANCE OF THE ACTION**

1.   This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501.

2.   Plaintiff seeks compensatory or statutory damages in an amount to be established

at trial.

## PARTIES

1. Plaintiff is an individual doing business as a professional photographer with an address at PO Box 5421, Pasadena, California 91117.

2. Upon information and belief, Corporate Defendant is organized under the laws of New York corporation with a principal place of business at 1710 Broadway, New York, New York 10019.

3. Upon information and belief, Individual Defendant is organized under the laws of New York corporation with a principal place of business at 1710 Broadway, New York, New York 10019

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendants is proper. Defendants are conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

6. Defendants are engaged in purposeful activities in New York, including infringement, for the benefit of and with the knowledge and consent of Individual Defendant, both of whom exercised some control over Power Move Inc.'s conduct.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

8. Plaintiff is a professional photographer in California who creates and licenses work for a variety of uses, including editorial uses. Her work is particularly known for her artistic eye and modern style.

9. Plaintiff is the owner of the photographic image at issue here, which is attached hereto as Exhibit A (the "Copyrighted Work").

10. The Copyrighted Work is an original work of authorship.

11. Plaintiff owns the copyrights in and to the Copyrighted Work.

12. On March 4, 2014, Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, Registration Number VAu 1-159-752, a copy of which is attached hereto as Exhibit B.

**B.     Defendant's Unlawful Activities**

13. Upon information and belief, Corporate Defendant owns and operates the website found at the URL http://globalspin365.com, where it uses high quality content belonging to others to promote and offer for sale and sell its goods and/or services.

14. Plaintiff has discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at the websites located at a number of different URLs (the "Infringing Websites"), screenshots of which are attached hereto as Exhibit C.

15. Upon information and belief, Individual Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly displayed without Plaintiff's permission.

16. Upon information and belief, Defendants are each responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

17. The reproduction, distribution, and public display by Defendants of Plaintiff's Copyrighted Work is without Plaintiff's authorization.

18. Defendants' unauthorization reproduction, distribution, and public display of Plaintiff's Copyrighted Work is knowing and willful and in reckless disregard of Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

19. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

20. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

21. Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

22. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Corporate Defendant had access to the Copyrighted Work prior to its use of the Copyrighted Work at the infringing website.

23. By its actions, as alleged above, Corporate Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

24. Upon information and belief, Corporate Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Individual Defendant has profited at the expense of Plaintiff.

25. As a direct and proximate result of Corporate Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover her actual damages resulting from Corporate Defendant's uses of the Copyrighted Work without paying a license fee, in an amount to be proven at trial.

26. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Corporate Defendant's profits from the infringement of the Copyrighted Work, which amounts will be proven at trial.

27. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

28. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29. Corporate Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

30. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

31. Individual Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

32. Individual Defendant is directly responsible for the infringing conduct alleged above and his foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

33. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Individual Defendant has profited at the expense of Plaintiff.

34. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover her actual damages resulting from Individual Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

35. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Individual Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

36. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

37. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. Individual Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

39.  Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

40.  As an alternative theory to its infringement claims above, Individual Defendant had the right or ability to control the direct infringement described above.

41.  As a result of Individual Defendant's right or ability to supervise the direct infringement described above, Individual Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

42.  Individual Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and Individual Defendant benefitted from that direct infringement.

43.  As a direct and proximate result of Individual Defendant's vicarious infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Individual Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

44.  In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Individual Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

45.  In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

46.  Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to

17 U.S.C. § 505.

47. Individual Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's

copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 25, 2020

Respectfully submitted,

By: /s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lisa Corson*