R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lisa Corson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA CORSON,<br><br>            Plaintiff,<br><br>    v.<br><br>POWER MOVES, INC. and SHAWN PEREZ,<br><br>            Defendants. | **Case No.: 1:19-cv-08847** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ALTERNATIVE SERVICE**

The plaintiff Lisa Corson ("Plaintiff"), by and through the undersigned counsel, respectfully submits this memorandum of law in support of its motion for alternative service on the defendant Shawn Perez ("Defendant").

**BACKGROUND**

Plaintiff filed a complaint on September 19, 2019 against the defendant Power Moves, Inc. alleging copyright infringement. ECF No. 1. The defendant Power Moves, Inc. was served through the New York Secretary of State with the summons and complaint on October 4, 2019. *See* ECF No. 7. The defendant Power Moves, Inc. having not answered or otherwise responded to

the complaint, Plaintiff obtained a certificate for default from the Clerk on December 12, 2019. See ECF No. 11. On March 25, 2020, Plaintiff amended her complaint to add the president of Power Moves, Inc., Shawn Perez, as a defendant in his individual capacity, see ECF No. 12. On March 30, 2020, pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff sent a request for waiver of service to Mr. Perez at the Power Moves, Inc. address, 1710 Broadway, New York, New York, 10019. On April 3, 2020, Plaintiff sent a request for waiver of service to Mr. Perez's home address at 132 1st Street, Hicksville, New York 11801. See Declaration of R. Terry Parker in support.

In normal times, the process server could continue to attempt service of process at each of the addresses associated with Mr. Perez service is properly completed. These are not normal times. With the current outbreak of COVID-19, in person service of process is irresponsible and dangerous. Accordingly, Plaintiff brings the current motion seeking permission to serve Mr. Perez by alternative means, namely, to effectuate service by registered mail to Mr. Perez at his place of business at 1710 Broadway, New York, New York, 10019 and his residence at 132 1st Street, Hicksville, New York 11801.

**ARGUMENT**

Under rule 4(e)(1) of the Federal Rules provides, service of process upon an individual located within a judicial district of the United States may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." In New York, service may be effected upon a natural person by: (1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it. See New York State Civil Practice Law and Rules ("CPLR") §§ 308(1)-(4). Also service in New

York may be made "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one, two, and four of this section." Id. § 308(5).

The meaning of the term "impracticable" depends upon the facts and circumstances of a case. *See Markoff v. South Nassau Community Hosp.*, 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672 (App. Div.2d Dep't 1983). A plaintiff seeking to effect alternative service "must make some showing that the other prescribed methods of service could not be made." Id. at 1065. Courts have found impracticability where a defendant could not be located by inquiring with the United States Postal Service or by searching computer databases. *See, e.g., HGI, Inc.*, 1999 WL 1021087, at *1 (finding proof of impracticability where, despite efforts to locate the defendant by these means, his whereabouts remained unknown). In addition, service is impracticable where the defendant could not be located by means of a diligent search. *See Kelly v. Lewis*, 220 A.D.2d at 486, 632 N.Y.S.2d 186 (finding that service was impracticable where plaintiffs made three unsuccessful attempts to serve the defendant at his last known residence address); *Arroyo v. Arroyo*, 76 Misc.2d 652, 653–55, 351 N.Y.S.2d 536 (Sup.Ct. Kings Cty.1974) (finding that service was impracticable where defendant could not be located by, among other things, searching records of motor vehicle operator's licenses and telephone directories, and attempting to reach the defendant's only known relative).

In the instant case, Plaintiff submits that it would be impracticable to serve Mr. Perez by the traditional methods of service set forth in CPLR § 308 because it is currently unlawful for a process server to conduct its normal business of personal service. Plaintiff proposes to effect service on Mr. Perez by sending copies of the summons and complaint by registered mail to the work address and home address of Mr. Perez, as well as through his company's Facebook page and email address.

Plaintiff believes that giving notice under a substitute system comports with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir.1987) (quotations and citation omitted).  When personal service is otherwise impossible, and when it is reasonable to conclude that the defendant is apt to read the newspaper in which the notice is published, then service by publication in a newspaper is an appropriate means of giving notice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Respectfully submitted,

Dated: May 18, 2020

/s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lisa Corson*

**CERTIFICATE OF SERVICE**

  I, R. Terry Parker, hereby certify that I caused the foregoing document to be sent by regular mail on this 6st day of May, 2020 to the following:

  Power Moves Inc.
  1710 Broadway
  New York, New York 10019

  Shawn Perez
  1710 Broadway
  New York, New York 10019

  Shawn Perez
  132 1st Street
  Hicksville, New York 11801


            */s/ R. Terry Parker*
            R. Terry Parker