```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LISA CORSON,                                                :
                              Plaintiff,                    :
                                                            :
              -against-                                     :     19-cv-8847 (VSB)
                                                            :
POWER MOVES, INC., et al.,                                  :         ORDER
                                                            :
                              Defendants.                   :
                                                            :
--------------------------------------------------------- X
```

VERNON S. BRODERICK, United States District Judge:

    Before me is Plaintiff's motion for an order permitting service upon defendant Shawn Perez by alternative means. (Doc. 18.) For the reasons stated below, Plaintiff's motion is DENIED.

**I.    Background**

    Plaintiff commenced this copyright infringement action against Defendant Power Moves, Inc., by filing a complaint on September 24, 2019. (Doc. 1.) Defendant was served but did not answer, (*see* Doc. 7), and Plaintiff obtained a clerk's certificate of default on December 19, 2019, (Doc. 11). Plaintiff then filed an amended complaint on March 25, 2020, (Doc. 12), naming as Defendants Power Moves, Inc., as well as Shawn Perez. (*See* Doc. 12.) The Clerk of Court issued a summons as to Defendant Shawn Perez on March 26, 2020, (Doc. 15), and as to Defendant Power Moves on March 27, 2020, (Doc. 17). Neither Defendant has been served. On May 18, 2020, Plaintiff filed a motion for an order permitting service upon Defendant Shawn Perez by alternative means, along with a memorandum and declaration in support. (Doc. 18.)

**II.    Legal Standard**

    Rule 4(e) of the Federal Rules of Civil Procedure provides for service of process on an

1

individual according to the laws of the state where the district court is located. Fed. R. Civ. P. 4(e). New York law provides for service by personal delivery; substitute service and mailing; service to an agent; and service by affixing to the door followed by mailing. *See* N.Y. C.P.L.R. §§ 308(1)-(4). Where these methods prove "impracticable," service may be made "in such manner as the court, upon motion without notice, directs." *Id.* § 308(5). "[T]he impract[icability] standard is not capable of easy definition," *Safadjou v. Mohammadi*, 964 N.Y.S.2d 801, 802 (App. Div. 4th Dep't 2013), and "[t]he meaning of 'impracticability' depends upon the facts and circumstances of the particular case," *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608(JFK), 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012) (quoting *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866(DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999)). However, "[i]n general, a plaintiff "'must make some showing that the other prescribed methods of service could not be made.'" *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 117 (S.D.N.Y. 2010) (quoting *S.E.C. v. Nnebe,* No. 01 Civ. 5247(KMW)KNF, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003)). "Once the impracticability standard is satisfied, due process requires that the method of service be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action." *Safadjou*, 964 N.Y.S.2d at 803 (internal quotation marks omitted); *see also Contimortgage Corp. v. Isler*, 853 N.Y.S.2d 162, 164 (App. Div. 2d Dep't 2008).

III. **Discussion**

Plaintiff seeks leave to serve Perez by registered mail to his place of business and to his residence, as well as through his company's Facebook page and e-mail address, pursuant to Federal Rule of Civil Procedure 4(e) ("Rule 4(e)") and New York Civil Practice Law and Rules § 308(5). (Doc. 18-2, at 3.) Plaintiff's counsel represents that he acquired Perez's purported home address from an unspecified "online database," and that he sent a waiver of service to that

address and to Perez's business address, shared with Defendant Power Moves, and did not receive a response.  (Doc. 18-1, at ¶¶ 7–8.)

Plaintiff contends that in-person service on Defendant Perez would be impracticable because in light of the current COVID-19 pandemic, it is "currently unlawful for a process server to conduct its normal business of personal service."  (Doc. 18-2, at 2–3.)  Plaintiff provides no authority for the statement that serving process is currently "unlawful," nor any cases in which another court has authorized alternative service due to the pandemic, or for any other reason that is analogous to the present situation.  Instead, Plaintiff only cites a handful of cases in which courts have found service to be impracticable where plaintiff was unable to locate the defendant.  (*See* Doc. 18-2, at 3.)  These cases are inapplicable to the case at bar, particularly given that the circumstances that Plaintiff contends make service of process by the ordinary means "impracticable" are most likely temporary.[1]

In addition, Plaintiff has not demonstrated that her proposed means of service comports with due process, beyond stating in a conclusory fashion that she "believes that giving notice under a substitute system comports with due process by being 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  (Doc. 18-2, at 4 (quoting *SEC v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987)).[2]  There is no evidence that plaintiff's proposed means would "apprise" Defendant Perez of the pendency of this action.  As an initial matter, the same circumstances that

---

[1] This temporary barrier to service by ordinary means would be easily surmounted by an extension of Plaintiff's time to serve Defendant for good cause pursuant to Rule 4(m), should Plaintiff choose to request such extension.

[2] Plaintiff also states that "[w]hen personal service is otherwise impossible, and when it is reasonable to conclude that the defendant is apt to read the newspaper in which the notice is published, then service by publication in a newspaper is an appropriate means of giving notice."  (Doc. 18-2, at 4.)  It is unclear how this statement—unsupported by citation to legal authority—applies to the instant case, given that plaintiff is not proposing to serve Defendant by publication in a newspaper.

3

make service by ordinary means impracticable also reduce the chances that mailing to Defendant's business address will reach him, as during the COVID-19 pandemic many people have been working from home. With respect to the alleged home address, Plaintiff has offered no proof that that address is where Defendant resides; Plaintiff states merely that she obtained the address from an unspecified "online database." (Doc. 18-1, at ¶ 7.) With respect to the proposed methods of online service, Plaintiff has also not provided the web location of the Facebook page or the specific e-mail address she wishes to use, nor any evidence that Defendant Perez has access to either or regularly checks them. Plaintiff has not even provided any detail in either the instant submission or in her pleadings as to the relationship between Perez and Power Moves, or the role Perez plays in Power Moves, that might indicate he is likely to have access to the corporate Facebook page. This is insufficient to demonstrate that Plaintiff's proposed methods comport with due process. *See Berdeaux v. OneCoin Ltd.*, No. 19-CV-4074 (VEC), 2020 WL 409633, at *2 (S.D.N.Y. Jan. 24, 2020) (denying motion for alternative service by e-mail where plaintiffs did not provide sufficient evidence that defendants had actually used the proposed email addresses); *Fortunato*, 2012 WL 2086950, at *2 (denying permission to serve by Facebook, email, and delivery to estranged relative, where "[plaintiff] ha[d] not set forth any facts that would give the Court a degree of certainty that the Facebook profile its investigator located is in fact maintained by [defendant] or that the email address listed on the Facebook profile is operational and accessed by [defendant]. Indeed, the Court's understanding is that anyone can make a Facebook profile using real, fake, or incomplete information, and thus, there is no way for the Court to confirm whether the [person] the investigator found is in fact the [defendant] to be served.").

**IV.     Conclusion**

Accordingly, I find that because Plaintiff has failed to demonstrate that timely service by ordinary means upon Defendant is "impracticable," and because Plaintiff has failed to show that her proposed alternative means of service comports with due process, it is hereby:

ORDERED that Plaintiff's motion for leave to serve Defendant by alternative means is DENIED without prejudice.

SO ORDERED.

Dated:    June 18, 2020
          New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge